**Juan Nepomuceno RAMIREZ–GIRALDO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74601.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2010.*

Filed Dec. 9, 2010.

Jon Eric Garde, Esquire, Immigration Law Office of Jon Eric Garde & Assoc., Las Vegas, NV, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Monica Antoun, Esquire, OIL, Rosanne Perry, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HUG, D.W. NELSON and McKEOWN, Circuit Judges.

### MEMORANDUM **

Juan Nepomuceno Ramirez–Giraldo ("petitioner"), a native and citizen of Colombia, petitions for review of the decision of the Board of Immigration Appeals ("BIA") adopting and affirming an immigration judge's ("IJ") final order of removal, denying his claims for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. When the "BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA." *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir.2005) (en banc) (quotations omitted). We review the IJ's findings of fact for substantial evidence. *Monjaraz–Munoz v. INS*, 327 F.3d 892, 895 (9th Cir.2003). We review the IJ's changed and extraordinary circumstances determinations for substantial evidence. *See Tampubolon v. Holder*, 610 F.3d 1056, 1059 (9th Cir.2010) (citing *Ramadan v. Gonzales*, 479 F.3d 646, 657 (9th Cir. 2007)); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1181–82 (9th Cir.2008).

Even if Ramirez–Giraldo could show deficient performance of counsel, he failed to demonstrate he was prejudiced by such performance because substantial evidence supports the IJ's finding that Ramirez–Giraldo is ineligible for asylum and withholding due to his failure to show a well-founded fear of persecution on account of a protected ground. *See* 8 C.F.R. § 1208.4(a)(5)(iii); *Strickland v. Washington*, 466 U.S. 668, 699–700, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Santos–Lemus v. Mukasey*, 542 F.3d 738, 745–47 (9th Cir. 2008).

In addition, the record does not compel a conclusion that Ramirez–Giraldo qualified for the changed country conditions exception to the one-year filing deadline. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 657–58 (9th Cir. 2007) (per curiam).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Ramirez–Giraldo did not appeal the IJ's denial of his claim for protection under the

Convention Against Torture to either the BIA or this court. Any such claims is therefore waived. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir.2007).